JS44
(Rev. 12/07)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

SONNY CARTER AND ERICA LEE AHALT, INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS OF JOEL WILLARD CARTER, A MINOR

## DEFENDANTS

LOWE'S, LOWE'S HOME CENTERS, LLC, LOWE'S HOME CENTERS, INC., LOWE'S HOME IMPROVEMENT, LLC, AND LOWE'S COMPANIES, INC.

**(b)** COUNTY OF RESIDENCES OF FIRST LISTED PLAINTIFF **MD**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **NC**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Shannon B. Stewart, Esquire
THE LAW OFFICE OF GREGORY A. SMITH, LLC
1515 Market St., Suite 1360
Philadelphia, PA 19102
215.546.1690

ATTORNEYS (IF KNOWN)

JENNIFER M. HERRMANN, ESQUIRE
**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**
Centre Square, West Tower
1500 Market Street, Suite 4100
Philadelphia, PA 19102
(215) 735-7200

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

(For Diversity Cases Only)

| | FOR PLAINTIFF AND ONE BOX FOR DEFENDANT |
|---|---|
| □ 1 U.S. Government Plaintiff | □ 3 Federal Question (U.S. Government Not a Party) |
| □ 2 U.S. Government Parties in Item III) | X 4 Diversity (Indicate Citizenship of |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State of Business in This State | □ 1 | □ 1 | Incorporated or Principal Place | □ 4 | □ 4 |
| Citizen of Another State of Business in Another State | X 2 | □ 2 | Incorporated and Principal Place | □ 5 | X 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| □ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | □ 610 Agriculture | □ 422 Appeal 28 USC 158 | □ 400 State Reapportionment |
| □ 120 Marine | □ 310 Airplane | □ 362 Personal Injury - | □ 620 Other Food & Drug | □ 423 Withdrawal | □ 410 Antitrust |
| □ 130 Miller Act | □ 315 Airplane Product | Med Malpractice | □ 625 Drug Related Seizure of | 28 USC 157 | □ 430 Banks and Banking |
| □ 140 Negotiable Instrument | Liability | □ 365 Personal Injury - | property 21 USC 881 | | □ 450 Commerce |
| □ 150 Recovery of Overpayment | □ 320 Assault, Libel & | Product Liability | □ 630 Liquor Laws | **PROPERTY RIGHTS** | □ 460 Deportation |
| & Enforcement of Judgment | Slander | □ 368 Asbestos Personal | □ 640 R.R. & Truck | □ 820 Copyrights | □ 470 Racketeer Influenced and |
| □ 151 Medicare Act | □ 330 Federal Employers' | Injury Product | □ 650 Airline Regs | □ 830 Patent | Corrupt Organizations |
| □ 152 Recovery of Defaulted | Liability | Liability | □ 660 Occupational Safety/Health | □ 840 Trademark | □ 480 Consumer Credit |
| Student Loans | □ 340 Marine | **PERSONAL PROPERTY** | □ 690 Other | **SOCIAL SECURITY** | □ 490 Cable/Sat TV |
| (Excl. Veterans) | □ 345 Marine Product | □ 370 Other Fraud | **LABOR** | □ 861 hia (1395FF) | □ 810 Selective SErvice |
| □ 153 Recovery of Overpayment | Liability | □ 371 Truth in Lending | □ 710 Fair Labor Standards Act | □ 862 Black Lung (923) | □ 850 Securities/Commodities/ |
| of Veterans Benefits | □ 350 Motor Vehicle | □ 380 Other Personal | □ 720 Labor/Mgmt. Relations | □ 863 diwc/diww (405(g)) | Exchange |
| □ 160 Stockholders Suits | □ 355 Motor Vehicle | Property Damage | □ 730 Labor/Mgmt. Reporting & | □ 864 SSID Title XVI | □ 875 Customer Challenge |
| □ 190 Other Contract | Product Liability | □ 385 Property Damage | & Disclosure Act | □ 864 RSI (405(g)) | 12 USC 3410 |
| □ 195 Contract Product Liability | X 360 Other Personal | Product Liability | □ 740 Railway Labor Act | | zation Act |
| □ 196 Franchise | Injury | | □ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | □ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | □ 791 Empl. Ret. Inc. Security Act | □ 870 Taxes (U.S. Plaintiff | □ 891 Agricultural Acts |
| □ 210 Land Condemnation | □ 441 Voting | □ 510 Motion to Vacate | **IMMIGRATION** | or Defendant) | □ 892 Economic Stabilization Act |
| □ 220 Foreclosure | □ 442 Employment | Sentence | □ 462 Naturalization Application | □ 871 IRS— Third Party | □ 893 Environmental Matters |
| □ 230 Rent Lease & Ejectment | □ 443 Housing/ | Habeas Corpus | □ 463 Habeas Corpus – Alien Detainee | 26 USC 7609 | □ 894 Energy Allocation Act |
| □ 240 Torts to Land | Accommodation | □ 530 General | □ 465 Other Immigration Actions | | □ 895 Freedom of Information Act |
| □ 245 Tort Product Liability | □ 444 Welfare | □ 535 Death Penalty | | | □ 900 Appeal of Fee Determination |
| □ 290 All Other Real Property | □ 440 Other Civil | □ 540 Mandamus & Other | | | Under Equal Access to Justice |
| | Rights | □ Civil Rights □ 555 Prison Conditions | | | □ 950 Constitutionality of State Statutes |

## V. ORIGIN (PLACE AN X IN ONE BOX ONLY)

| | | | | | | |
|---|---|---|---|---|---|---|
| □ 1. Original Proceeding | X 2 Removed from State Court | □ 3 Remanded from Appellate Court | □ 4 Reinstated or Reopened | □ 5 Transferred from another district (specify) | □ 6 Multidistrict Litigation | □ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Premises Liability
28 U.S.C. §1332(A)(1) & 28 U.S.C. §1441(A)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
□ UNDER F.R.C.P. 23

**DEMAND**
In Excess of $50,000

Check YES only if demanded in complaint:
JURY DEMAND: x YES □ NO

## VIII. RELATED CASE(S) IF ANY

(See Instructions):

Judge _____ Docket Number _____

DATE: __August 15, 2014__   SIGNATURE OF ATTORNEY OF RECORD
s/ Jennifer M. Herrmann
JENNIFER M. HERRMANN, ESQUIRE

FOR OFFICE USE ONLY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| SONNY CARTER AND ERICA LEE AHALT, INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS OF JOEL WILLARD CARTER, A MINOR | CIVIL ACTION |
| vs. | NO. |
| LOWE'S, LOWE'S HOME CENTERS, LLC, LOWE'S HOME CENTERS, INC., LOWE'S HOME IMPROVEMENT, LLC, AND LOWE'S COMPANIES, INC. | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.   (See    1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus -- Cases brought under 28 U.S.C.
    2241 through   2255.                                            (   )

(b)  Social Security -- Cases requesting review of a
    decision of the Secretary of Health and Human
    Services denying plaintiff Social Security Benefits.          (   )

(c)  Arbitration -- Cases required to be designated for
    arbitration under Local Civil Rule 53.2.                      (   )

(d)  Asbestos -- Cases involving claims for personal
    injury or property damage from exposure to
    asbestos.                                                     (   )

(e)  Special Management -- Cases that do not fall into
    tracks (a) through (d) that are commonly referred
    to as complex and that need special or intense
    management by the court.   (See reverse side of
    this form for a detailed explanation of special
    management cases.)                                            (   )

(f)  Standard Management -- Cases that do not fall into
    any one of the other tracks.                                  ( X )

DATE:   August 15, 2014      **s/ Jennifer M. Herrmann**
                             JENNIFER M. HERRMANN, ESQUIRE
                             Attorney-at-Law          Attorney ID # 315453

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:    12 Douglas Court, Smithsburg, MD 21783

Address of Defendant: North Carolina

Place of Accident, Incident or Transaction: 12925 Washington Township Blvd., Waynesboro, PA

Does this case involve multidistrict litigation possibilities?                                                    Yes ☐    No X

RELATED CASE IF ANY
Case Number: _____          Judge _____          Date Terminated: _____

Civil Cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within
    one year previously terminated action in this court?                                                Yes ☐    No X
2.  Does this case involve the same issue of fact or grow out of the same transaction
    as a prior suit pending or within one year previously terminated action in this
    court?                                                                                                         Yes ☐    No X
3.  Does this case involve the validity or infringement of a patent already in suit or
    any earlier numbered case pending or within one year previously terminated action
    in this court?                                                                                              Yes ☐    No X
4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights
    Case filed by the same individual?                                                                   Yes ☐    No X

CIVIL:  (Place 9 in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1.  9 Indemnity Contract, Marine Contract, and All
2.  9 FELA
3.  9 Jones Act-Personal Injury
4.  9 Antitrust
5.  9 Patent
6.  9 Labor-Management Relations
7.  9 Civil Rights
8.  9 Habeas Corpus
9.  9 Securities Act(s) Cases
10. 9 Social Security Review Cases
11. 9 All Other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1.  9 Insurance Contract and Other Contracts
2.  9 Airplane Personal Injury
3.  9 Assault, Defamation
4.  9 Marine Personal Injury
5.  9 Motor Vehicle Personal Injury
6.  X Other Personal Injury (Please specify) – Fall
7.  9 Products Liability
8.  9 Products Liability - Asbestos
9.  9 All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____ , counsel of record do hereby certify:

    Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil
action case exceed the sum of $150,000.00 exclusive of interest and costs;
    Relief other than monetary damages is sought.

DATE: _____          _____          _____
                                            Attorney-at-Law                              Attorney I.D.#

NOTE:  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this
curt except as noted above.

DATE:  **August 15, 2014**          **s/JENNIFER M. HERRMANN**          315453
                                            Attorney-at-Law                              Attorney I.D.#

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SONNY CARTER AND ERICA LEE AHALT, INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS OF JOEL WILLARD CARTER, A MINOR | CIVIL ACTION<br><br>NO. |
| vs. | |
| LOWE'S, LOWE'S HOME CENTERS, LLC, LOWE'S HOME CENTERS, INC., LOWE'S HOME IMPROVEMENT, LLC, AND LOWE'S COMPANIES, INC. | |

## PETITION FOR REMOVAL

TO:    THE HONORABLE JUDGES OF THE DISTRICT COURT FOR
       EASTERN DISTRICT OF PENNSYLVANIA

As removing party, LOWE'S HOME CENTERS, LLC (I/D/A LOWE'S, LOWE'S

HOME CENTERS, INC., LOWE'S HOME IMPROVEMENT, LLC, AND LOWE'S

COMPANIES, INC.), files this Notice of Removal of the above-captioned matter from

the Court of Common Pleas, Philadelphia County, the Court in which it is now pending

to the United States District Court for the Eastern District of Pennsylvania.  In support

thereof, Defendant avers as follows:

1.    This action was commenced by way of Complaint filed in the Court of

Common Pleas, Philadelphia County on or about June 19, 2014, and docketed as No.

140602816. (A true and correct copy of Plaintiffs' Complaint is attached hereto and

marked as Exhibit "A").

2.    This notice is timely, having been filed within thirty (30) days of Plaintiffs

serving the Complaint on Defendant, which service was made on or about July 30, 2014.

3.      At the time this action was commenced and continuing to the present,

Defendant, LOWE'S HOME CENTERS, LLC (I/D/A LOWE'S, LOWE'S HOME

CENTERS, INC., LOWE'S HOME IMPROVEMENT, LLC, AND LOWE'S

COMPANIES, INC.), is a limited liability company whose only member is Lowe's

Companies, Inc., which is a corporation organized under the laws of the State of North

Carolina and having its principal place of business in North Carolina.

4.      Based upon the allegations in the Complaint, at the time this action was

commenced and continuing to the present, Plaintiffs, SONNY CARTER AND ERICA

LEE AHALT, INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS

OF JOEL WILLARD CARTER, A MINOR, are citizens of the State of Maryland.

5.      Moving Defendant believes and therefore avers that the amount in

controversy, based upon the allegations in the Complaint and a letter from Plaintiffs'

attorney dated June 18, 2014, will exceed the jurisdictional amounts required for

jurisdiction to exist in District Court, exclusive of interest and costs.

8.      This action is removable from State Court to this Court based upon

diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1) and 28 U.S.C. §1441(a).

9.      This Court has full and exclusive jurisdiction over this case which

involves the aforementioned federal acts.

WHEREFORE, moving Defendant, LOWE'S HOME CENTERS, LLC (I/D/A

LOWE'S, LOWE'S HOME CENTERS, INC., LOWE'S HOME IMPROVEMENT, LLC,

AND LOWE'S COMPANIES, INC.), respectfully requests that the above-captioned

action be removed from the Court of Common Pleas, Philadelphia County to the District

Court for the Eastern District of Pennsylvania.

**MINTZER, SAROWITZ, ZERIS, LEDVA
& MEYERS, LLP**

BY:  s/ Jennifer M. Herrmann
       JENNIFER M. HERRMANN, ESQUIRE
       Attorney for Defendant(s), LOWE'S HOME CENTERS,
       LLC (I/D/A LOWE'S, LOWE'S HOME CENTERS, INC.,
       LOWE'S HOME IMPROVEMENT, LLC, AND LOWE'S
       COMPANIES, INC.)
       Centre Square, West Tower
       1500 Market Street
       Suite 4100
       Philadelphia, PA 19102
       (215) 735-7200
       **MSZL&M File No. 003830.000031**

## CERTIFICATE OF SERVICE

I, JENNIFER M. HERRMANN, ESQUIRE, do hereby certify that a true and correct copy of the within Petition for Removal was forwarded by U.S. Mail, postage pre-paid on the 15th day of August, 2014 as follows:

Shannon B. Stewart, Esquire
THE LAW OFFICE OF GREGORY A. SMITH, LLC
1515 Market St., Suite 1360
Philadelphia, PA 19102


                             s/ Jennifer M. Herrmann
                             JENNIFER M. HERRMANN, ESQUIRE

**EXHIBIT "A"**

**THE LAW OFFICE OF**
**GREGORY A. SMITH, LLC**
Gregory A. Smith, Esquire
Attorney ID# 84189
Shannon B. Stewart, Esquire
Attorney ID# 92116
1515 Market St., Suite 1360
Philadelphia, PA 19102
(215) 546-1690

Attorneys for Plaintiff

| | |
|---|---|
| SONNY CARTER and ERICA LEE AHALT, Individually and as Parents and Natural Guardians of JOEL WILLARD CARTER, a Minor<br>12 Douglas Court<br>Smithsburg, MD 21783<br><br>              Plaintiff<br><br>    vs.<br><br>LOWE'S<br>12925 Washington Township Blvd.<br>Waynesboro, PA 17268<br><br>And<br><br>LOWE'S HOME CENTERS, LLC<br>1605 Curtis Bridge Rd.<br>Wilkesboro, NC 28697-2231<br><br>And<br><br>LOWE'S HOME CENTERS, INC.<br>1605 Curtis Bridge Rd.<br>Wilkesboro, NC 28697-2231<br><br>And<br><br>LOWE'S HOME IMPROVEMENT, LLC<br>1000 Lowe's Blvd.<br>Mooresville, NC 28117-8520<br><br>And | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY<br><br>          TERM, 2014<br><br>NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

Case ID: 140602816

Case ID: 140602816

LOWE'S COMPANIES, INC.
1000 Lowe's Blvd.
Mooresville, NC 28117-8520
                         Defendants

## CIVIL ACTION COMPLAINT

1.      Plaintiff Erica Lee Ahalt is an adult individual and citizen of the State of Maryland residing at 12 Douglas Court, Smithsburg, Maryland 21783.

2.      Plaintiff Sonny Carter is an adult individual and citizen of the State of Maryland residing at 12 Douglas Court, Smithburg, Maryland 21783.

3.      Plaintiffs Erica Lee Ahalt and Sonny Carter are the parents and natural guardians of Joel Willard Carter, a minor with a date of birth of January 26, 2009.

4.      Defendant Lowe's is a corporation or other entity existing under and by virtue of the laws of the State of North Carolina with a retail establishment located at 12925 Washington Township Boulevard, Waynesboro, Pennsylvania 17268.

5.      Defendant Lowe's Home Centers, LLC, is a corporation or other entity existing under and by virtue of the laws of the State of North Carolina with a registered corporate address of 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697-2231.

6.      Defendant Lowe's Home Centers, Inc., is a corporation or other entity existing under and by virtue of the laws of the State of North Carolina with a registered corporate address of 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697-2231.

7.      Defendant Lowe's Home Improvement, LLC, is a corporation or other entity existing under and by virtue of the laws of the State of North Carolina with a registered corporate address of 1000 Lowes Boulevard, Mooresville, North Carolina 28117-8520.

Case ID: 140602816

Case ID: 140602816

8.      Defendant Lowe's Companies, Inc., is a corporation or other entity existing under and by virtue of the laws of the State of North Carolina with a registered corporate address of 1000 Lowe's Boulevard, Mooresville, North Carolina 28117-8520.

9.      At all times material hereto, Defendants regularly conducted business in Philadelphia County and the City of Philadelphia.

10.     At all times material hereto, Defendants acted and/or failed to act by and through their duly authorized agents, servants, workmen, contractors, owners, officers and/or employees including, but not limited to, the staff at the Lowe's located at 12925 Washington Township Boulevard, Waynesboro, Pennsylvania 17268.

11.     On or about July 6, 2012 and at all times material hereto, Plaintiff Sonny Carter and his minor son, Joel Carter, were business invitees at the Lowe's located at 12925 Washington Township Boulevard, Waynesboro, Pennsylvania 17268.

12.     On or about July 6, 2012, Defendants displayed their lawn tractors, fencing products, and outdoor furniture in the outdoor area at the front of the store located at 12925 Washington Township Boulevard, Waynesboro, Pennsylvania 17268.

13.     On or about July 6, 2012, Defendants had the lawn tractors connected to one another with heavy metal cables.

14.     On or about July 6, 2012, Defendants had the pieces of outdoor furniture connected to one another with heavy metal cables.

15.     On or about July 6, 2012, Defendants did not have signs and/or warnings posted to advise their business invitees that the heavy metal cables posed a hazard.

16.    Alternatively, if Defendants had signs and/or warnings posted on or about July 6, 2012, to advise their business invitees of the hazard posed by the heavy metal cables, those signs and/or warnings were mixed among the products for sale, advertisements, and price tags that they were concealed from view.

17.    On or about July 6, 2012, minor Joel Carter tripped over the heavy metal cable connecting the lawn tractors while walking behind them.

18.    As a result of the fall, Joel Carter sustained a supracondylar fracture of the left distal humerus with marked posterior displacement, in addition to bruising, nausea, and vomiting.

19.    Plaintiff Sonny Carter transported Joel Carter to the emergency room at Meritus Medical Center in Hagerstown, Maryland, for treatment.

20.    The severity of Joel Carter's supracondylar fracture led the treatment providers at Meritus Medical Center to transfer Joel to the Children's National Medical Center in Washington, DC.

21.    On July 7, 2012, Joel Carter had to endure surgery in the form of a closed reduction and percutaneous pinning of the supracondylar fracture of his left humerus as a result of his fall at Defendants' store.

22.    Joel Carter also had to endure general anesthesia, narcotic pain medication, and extensive physical therapy as a result of his fall at Defendants' store.

23.    Joel Carter continues to experience pain in his left arm due to this fall.

24.    Joel Carter has not returned to the level of ability he enjoyed before this fall.

25.    At all times material hereto, Defendants knew or should have known that they had created a hazardous condition.

Case ID: 140602816

Case ID: 140602816

26.     As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants Lowe's; Lowe's Home Centers, LLC; Lowe's Home Centers, Inc.; Lowe's Home Improvement, LLC; and Lowe's Companies, Inc., Joel Carter sustained injuries including, but not limited to, a supracondylar fracture of the left distal humerus with marked posterior displacement; closed reduction and percutaneous pinning of the supracondylar fracture of the left humerus; general anesthesia; narcotic pain medication; extensive physical therapy; scarring; bruising; nausea; vomiting; decreased ability; and continuing pain, all to his great detriment and loss.

### COUNT I

**PLAINTIFFS, Individually and as Parents and Natural Guardians of JOEL CARTER, a Minor V. ALL DEFENDANTS**

27.     Plaintiff incorporates by reference paragraphs 1-26 if fully set forth herein.

28.     The negligence, carelessness, and/or recklessness of Defendants, included the following:

     a.     Permitting a dangerous and hazardous condition to exist;

     b.     Failing to make sure that the heavy metal cable connecting the lawn tractors to one another was secured away from areas where business invitees would walk;

     c.     Failing to provide adequate visual cues;

     d.     Failing to warn business invitees of a fall hazard;

     e.     Failing to post any warning to patrons that the lawn tractors and outdoor furniture were secured with metal cables;

     f.     Failing to ensure that its patrons could identify the cable laying in the area where business invitees would walk;

     g.     Failing to appropriately monitor the premises;

h.   Failing to appropriately train, hire and retain employees whose responsibility it was to make sure the dangerous and hazardous did not exist;

i.   Failing to recognize a known, dangerous condition;

j.   Failing to have on staff sufficient manpower to make the premises safe for its business invitees;

k.   Failing to make and keep the premises safe for business invitees;

l.   Failing to take reasonable steps to protect its business invitees;

m.   Failing to act reasonably under the circumstances;

n.   Failing to block and/or cordon off the area from its customers;

o.   Failing to properly inspect the premises;

p.   Failing to have sufficient manpower to properly inspect the premises;

q.   Failing to have appropriate guidelines pertaining to property inspection;

r.   Failing to comply with internal company guidelines pertaining to property inspection;

s.   Maintaining an attractive nuisance;

t.   Failing to protect its business invitees;

u.   Causing injury to Joel Carter; and

v.   Failing to comply with local, state, national, and professional regulations and guidelines.

29.   As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Joel Carter sustained injuries including, but not limited to, a supracondylar fracture of the left distal humerus with marked posterior displacement; closed reduction and percutaneous pinning of the supracondylar fracture of the left humerus; general anesthesia; narcotic pain

medication; extensive physical therapy; scarring; bruising; nausea; vomiting; decreased ability; and continuing pain, all to his great detriment and loss.

30.    As a further direct and proximate result of the negligence, carelessness, and/or recklessness of Defendant, Joel Carter suffered a loss of life's pleasures and an inability to engage in his usual and customary activities, embarrassment, and humiliation, some or all of which may be permanent in nature.

31.    As a further direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Joel Carter was caused to undergo extensive and painful treatment including complicated surgery, painful manipulation, and physical therapy, and may need to undergo additional surgery in the future, to his great detriment and loss.

32.    As a further direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Plaintiffs Sonny Carter and Erica Ahalt have in the past and will in the future have to pay various amounts for Joel Carter's medical care, to her great detriment and loss.

33.    As a further direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Joel Carter has in the past and may in the future be unable to secure gainful employment due to the injuries he suffered, to his great detriment and loss.

Case ID: 140602816

Case ID: 140602816

WHEREFORE Plaintiffs Sonny Carter and Erica Lee Ahalt, individually and as parents and natural guardians of Joel Carter, a minor, demand judgment in their favor and against Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with interest, costs, delay damages and any other amount this Honorable Court deems appropriate.

Respectfully submitted,

THE LAW OFFICE OF
GREGORY A. SMITH, LLC

BY:

Gregory A. Smith, Esquire
Shannon B. Stewart, Esquire
Attorneys for Plaintiffs Sonny Carter and Erica
Lee Ahalt, Individually and as Natural
Guardians of Joel Willard Carter, a Minor

DATE: 4/19/14

Case ID: 140602816

Case ID: 140602816

## <u>VERIFICATION</u>

I, Erica Lee Ahalt, hereby verify that I am the Plaintiff in this matter and that the facts set forth in this Complaint are true and correct to my knowledge, information, and belief. I understand that this Verification is subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
ERICA LEE AHALT

DATE: 6·14·14

Case ID: 140602816

Case ID: 140602816

## **VERIFICATION**

I, Sonny Carter, hereby verify that I am the Plaintiff in this matter and that the facts set forth in this Complaint are true and correct to my knowledge, information, and belief. I understand that this Verification is subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

SONNY CARTER

DATE: 6/13/2014

Case ID: 140602816

Case ID: 140602816